Quintillian C. Borden v. Commissioner.
Borden v. Commissioner
Docket No. 711-62.
United States Tax Court
T.C. Memo 1963-240; 1963 Tax Ct. Memo LEXIS 104; 22 T.C.M. (CCH) 1214; T.C.M. (RIA) 63240; September 9, 1963
*104 Jawn A. Sandifer, for the petitioner. Arthur S. O'Neill, Jr., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The respondent has determined a deficiency of $489.49 in the income tax of the petitioner for 1960. The only issue for determination is the correctness of the respondent's action in determining that during that year the petitioner received income as tips in excess of the amount reported by him. Findings of Fact The petitioner is a resident of Westbury, New York, and filed his income tax return for 1960 with the district director in Brooklyn, New York. The petitioner has been employed by the Pullman Company as a Pullman porter since 1941. From the beginning of 1960 until in February of that year he worked on a run between New York City and Bangor, Maine. He then worked for 4 or 5 months on a run between New York City and Toledo, Ohio. Following that petitioner worked for 2 or 3 months on a run between New York City and Miami, Florida. For the remainder of 1960 he worked on a run between New York City and Huntington, West Virginia. The run between New York City and Miami involved two nights each way. All of the other *105 runs involved at least one night each way. In his employment during 1960 the petitioner made a total of 75 round trips. However, the record is silent as to the number of round trips made by petitioner between New York City and any one of the other cities involved. The cars on which the petitioner worked during his runs usually contained 10 roomettes and 6 double bedrooms. In his employment the petitioner received some tips from passengers when they boarded the train, received tips en route for room service and other services to passengers, and received tips when passengers left the train at their destination. His tips ranged from 10 cents to as high as $2. The petitioner kept no record of tips received by him during the taxable year but, as and when received, mingled them with other money he had in his pocket and therefrom paid his lay-over expenses and made other expenditures. In his income tax return for 1960 the petitioner reported $5,321.43 as wages or salary received by him during the year from the Pullman Company. Also he reported $325 as income received by him as tips during the year. The latter amount represents an estimate made by petitioner on the basis that he made *106 40 round trips during the year and received about $8 in tips per round trip. In determining the deficiency the respondent determined that the petitioner had understated his income from tips by $1,775. Opinion By his determination the respondent has concluded that the petitioner during 1960 received income in the amount of $2,100 as tips, of which the petitioner failed to report $1,775. While the petitioner has not favored us with a brief, he took the position at the trial that the amount of $325 reported in his return as income received as tips was the true amount received during the year from that source and that the respondent erred in determining that his income from such source was understated in his return by $1,775 or any other amount. The respondent contends that petitioner has failed to show that his determination is erroneous and that we, therefore, should sustain it. , involved the income tax liability for 1953, 1954, and 1955 of a taxpayer who, like the petitioner here, did not keep any records of the income received by her as tips. There we pointed out that every taxpayer is required by law to report in his income *107 tax return, fully and honestly, every item of gross income received, and must maintain adequate records of some kind which will show to him and to the Commissioner the amount of income of all types received in each year; that if the taxpayer does not keep any records to show the full amount of every kind of income received in a taxable year, or if such records as are kept do not clearly show the entire income, the Commissioner is authorized to make a computation of the amount of income in accordance with such method as in his opinion does clearly show the full amount of income received; that a computation of income so made by the Commissioner is presumptively correct under law and the taxpayer has the burden of proving that it is erroneous; and that such burden is not discharged by the taxpayer's estimates of income or his unsubstantiated, uncorroborated, and self-serving testimony that the amounts reported in his return are correct. The parties have stipulated that during 1960 the petitioner made 75 round trips as a Pullman porter. The petitioner testified to an estimate that on the average he received about $5 per round trip. Seventy-five round trips at $5 per round trip gives *108 an amount of $375. The latter amount is substantially in excess of $325, the amount reported by petitioner and shows an understatement in the amount reported. The record shows that during 1960 the petitioner was an experienced Pullman porter, having been employed in that capacity since 1941. By having reported $325 for 1960 as income received from tips, it is apparent that petitioner was aware that tips constituted taxable income. For reasons known only by himself he kept no record of the tips he received during the taxable year. The $325 reported in his return as income from tips represented an estimate based on two other estimates, namely, (1) that he made only 40 round trips during 1960, when in fact he made 75, and (2) that he received tips of about $8 per round trip, whereas at the trial he estimated such amount at about $5 per round trip. From our consideration of the foregoing and all other evidence bearing on the matter, we are unable to find that petitioner has sustained his burden of showing that the respondent's determination is erroneous. Accordingly the respondent's determination is sustained. In sustaining the respondent we recognize that the amount of $2,100 determined *109 by him as petitioner's income received during 1960 as tips may not be the exact amount of tips received by petitioner during the year. However, as was pointed out in (C.A. 7, 1962), certiorari denied , affirming a Memorandum Opinion of this Court, where a taxpayer keeps no record disclosing his income, no method can be devised which will produce an exact result; that taxpayers by failure to keep records of their income assume the hazard that they may be called upon to pay a tax based on an income which cannot be determined to a certainty; and that such a situation, however, arises from the fault of the taxpayer and not that of respondent. Decision will be entered for the respondent.